# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>RICHARD BRIAN KRAFT,<br>Defendant. | Case No. 16-MJ-0058<br><br>ORDER FOR PRETRIAL DETENTION |

On the 3rd day of March, 2016, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Nathan W. Nelson. The Defendant appeared personally and was represented by his attorney, Bradley R. Hansen.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 29, 2016, Defendant Richard Brian Kraft was charged by Criminal Complaint (docket number 1) with conspiracy to distribute 50 grams or more of methamphetamine. At the hearing, Agent Eric Young of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying the instant charge. Early in 2015, law enforcement authorities obtained intelligence that Defendant was involved in the distribution of methamphetamine. Apparently, however, no further investigation was conducted of Defendant at that time.

On December 18, 2015, during a routine traffic stop, Defendant was found in possession of a loaded .357 revolver and 40 grams of methamphetamine. A gun charge was filed in state court, which is currently pending. No drug charges were filed at that time as authorities were waiting the results of a lab test.

On January 14, 2016, a confidential source purchased a small amount of methamphetamine from Defendant in a controlled buy. A second confidential source purchased methamphetamine from Defendant in controlled buys on February 15, 2016, and February 26, 2016. Both confidential sources told law enforcement that they knew of Defendant selling large amounts of methamphetamine to other individuals, and each confidential source had helped Defendant count large sums of cash.

A search was conducted of Defendant's residence on February 26, 2016. Authorities found additional methamphetamine and two handguns. As officers activated their emergency lights upon approaching the area, Defendant attempted to flee in a grassy field. Defendant was arrested and subsequently transferred to Sioux City. After being *Mirandized*, Defendant admitted that he was selling methamphetamine to make money and "relocate to Alabama."

Defendant is 52 years old, unmarried, and has no children. Defendant served in the Army for 13 years and then worked as a government contractor. Defendant apparently left Iowa after graduating from high school in 1982 and did not return until 2013. He has lived and worked in multiple states and multiple foreign countries, but has been unemployed for the past two and one-half years.

Defendant is in good health and denies any mental health concerns. Defendant admitted, however, that he has used methamphetamine for the past four years, and had been smoking methamphetamine on a daily basis for the past three months. Defendant has only a modest prior criminal record.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the

3

defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of

4

production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute 50 grams or more of methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending further proceedings. The evidence against Defendant is strong. There are three controlled buys, using two confidential sources. In addition, both confidential sources told law enforcement that Defendant was selling drugs to multiple persons, and helped Defendant count large amounts of cash. Defendant is not employed and does not have strong ties to Iowa. Defendant is an active drug user and was in possession of firearms. Of particular concern to the Court is the fact that these events occurred less than a month after Defendant was released in state court on gun charges involving drugs. Finally, when officers arrived to search Defendant's residence, he attempted to flee. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 3rd day of March, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA